UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM COVELL, JR.,

                Plaintiff,

                                                  **Hon. Hugh B. Scott**

               v.

                                                    12CV660A

                                                      **Report**
                                                       **&**
CHIARI & ILECKI, LLP,                               **Recommendation**
DOES 1-10, Inclusive,

                Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 6), including the pending motion considered herein. The instant matter before the Court is defendant Chiari & Ilecki, LLP's ("Chiari & Ilecki"), motion to dismiss for failure to state a claim (Docket No. 5), pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

## BACKGROUND

This is a Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA" or the "Act"), action. Plaintiff alleges that defendant Chiari & Ilecki is a debt collector and defendants "Does 1-10" are collectors employed by Chiari & Ilecki (Docket No. 1, Compl. ¶¶ 5-6). Someone other than plaintiff (plaintiff's son, William James Covell, III) incurred a $4,000 debt that defendants attempted to collect from plaintiff (see id. ¶¶ 8-11, 12). Chiari & Ilecki purchased the debt and obtained a judgment against the younger Covell (id. ¶¶ 10, 12). Plaintiff denies having any obligation to his son or his son's debt (id. ¶ 13). Plaintiff initially alleges that

Chiari & Ilecki "instructed a sheriff's office in Jamestown, New York, to serve Plaintiff with documentation providing Plaintiff with two options: 1) pay the Debt in full voluntarily or 2) to be subjected to wage garnishment" (id. ¶ 14). After alleging that he suffered actual damages as a result (id. ¶¶ 15-16), plaintiff asserts that the FDCPA, 15 U.S.C. §§ 1692e (false or misleading representation generally), 1692e(2)[1] (false representation of the character, amount or legal status of debt), 1692e(10) (use of false representation to collect or attempt to collect a debt), 1692f (unfair practices generally), 1692f(6) (taking or threatening to take nonjudicial action to effect dispossession of property), was violated (id. ¶¶ 17-24), as well as engaging in unlawful deceptive practices under New York State General Business Law § 349 (id. ¶¶ 25-29).

After Chiari & Ilecki moved to dismiss (Docket No. 5) on August 13, 2012, plaintiff filed a timely Amended Complaint (Docket No. 9; see also Docket No. 11 (redline and strike out draft version of Amended Complaint)) on September 4, 2012, see Fed. R. Civ. P. 15(a)(1)(B) (amendment as matter of course timely if filed within 21 days of service of Rule 12(b) motion[2]). Aside from some cosmetic editing changes (cf. Docket No. 11), plaintiff amends the Complaint to specify the document that purported to initiate garnishment of plaintiff's wages (Docket No. 9, Am. Compl. ¶¶ 14-20). Plaintiff claims that he was served with an Income Execution on or about June 20, 2012 (id. ¶ 14), in the name of a "William Covell" and under the debtor's Social Security Number but naming plaintiff's employer, Office Max, for garnishment purposes (id. ¶¶ 15, 16-18). Plaintiff also was served with a letter (described in the initial pleading, cf. Docket

---

[1] No longer alleged in Amended Complaint.

[2] Here, 21 days from August 14, 2012, Fed. R. Civ. P. 6(a)(1)(A)(excluding the day that triggers the period, here August 13, 2012), would be September 4, 2012.

No. 1, Compl. ¶ 14) which gave him the choices of voluntary payment or facing garnishment (Docket No. 9, Am. Compl. ¶ 19). Because the Income Execution named plaintiff's employer, plaintiff "believed that his wages would be garnished if he did not pay" (id. ¶ 20). The Amended Complaint also eliminated the New York State General Business Law unlawful deceptive practices claim (cf. Docket No. 11, Redline Am. Compl. at pages 4-5) and a FDCPA claim (cf. id. at page 4, deleting former ¶ 19, alleging claim under § 1692e(2)). Defendants have not raised objection to the amended pleading. The "Does 1-10" have not appeared in this action. Since this Motion to Dismiss was filed, a Scheduling Conference has yet to be held.

*Defense Motion to Dismiss*

Chiari & Ilecki argues that the original Complaint did not state a plausible claim (Docket No. 5, Def. Memo. at 7). Chiari & Ilecki points out that plaintiff and his son share the same name, save different suffixes (id. at 3). The sole document at issue is the Income Execution (see Docket No. 5, Def. Atty. Decl. ¶ 13, Ex. A); it is a document with a New York State Supreme Court caption against a "William Covell," without any suffix, giving an address in Jamestown, New York, and a Social Security number (id., Ex. A). The Income Execution names an employer, Office Max (id.). The Income Execution has a covering letter from the Chautauqua County Sheriff's Office, notifying the recipient that he had twenty days from the date of service to make the first payments to the sheriff's office; otherwise, the Income Execution would be served upon the employer (here, Office Max) (id.)[3]. Chiari & Ilecki believe that the Social Security number on that form is the debtor-son's number (Docket No. 5, Def. Memo. at 4). Chiari & Ilecki urges this Court to consider the Income Execution (id. at 7-9) although it is

---

[3]There is no allegation that this Income Execution was served upon Office Max.

3

outside of the four corners of the Complaint as an "integral document" to that Complaint (Docket No. 5, Def. Memo. at 8). Plaintiff does not object to consideration of that document (Docket No. 12, Pl. Memo. at 3), as an "integral document" to the Complaint.

Chiari & Ilecki argues that plaintiff's "shotgun" allegations under the FDCPA boil down to whether it is plausible that the documentation, the Income Execution and covering notice, were deceptive in violation of the FDCPA (id. at 9, 10). The firm argues against these documents being deceptive or violative of the FDCPA (id. at 10-13). Chiari & Ilecki cite Kujawa v. Palisades Collection, L.L.C., 614 F. Supp. 2d 788, 791-92 (E.D. Mich. 2008). There, the plaintiff was served with a garnishment stated in plaintiff's name but with a different Social Security number. The court then rejected plaintiff's FDCPA claim that the collection effort was deceptive because plaintiff was deemed to recognize that the underlying debt was not that party's. (Id. at 10-11.) Chiari & Ilecki cites other jurisdictions that found that the "least sophisticated consumer" in this circumstance would have understood that the notices were not directed to them (id. at 12, 13). Defendant firm also argue that there was no violation of New York State General Business Law (id. at 14-15), but this issue is moot by the Amended Complaint dropping this claim (see Docket No. 9; Docket No. 12, Def. Memo. at 7).

Plaintiff responds that he states claims under 15 U.S.C. §§ 1692e and 1692f for false representations to the New York State Supreme Court and to plaintiff that his wages from Office Max were subject to garnishment for the debt of (and judgment entered against) his son, since collection from a person not legally obligated to pay is a false representation (Docket No. 12, Pl. Memo. at 4-5). He concludes that any consumer, including the least sophisticated consumer, would conclude that the garnishment was against him (id. at 5-6). He distinguishes Kujawa and

4

the cases cited by Chiari & Ilecki because the non-debtors in those cases knew that the collection activity was not directed at them, while the Income Execution here listing the plaintiff's name and his employer would interpret the document as seeking plaintiff's wages, despite the fact that another person's Social Security number (plaintiff's son's) is also on the form (id. at 6-7).

In its reply, Chiari & Ilecki shifts the focus of its motion to the amended pleading (see Docket No. 13, Def. Reply Memo. at 1-3), arguing that it did not cure the defect in the original Complaint (id.). Chiari & Ilecki note that the error in the Income Execution was naming plaintiff's employer while giving his son's name and Social Security number (see id. at 1, 6).

## DISCUSSION

I.  Standards

    A.  Motion to Dismiss Standard

Chiari & Ilecki has moved to dismiss the Complaint on the grounds that it states a claim for which relief cannot be granted. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court cannot dismiss a Complaint unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), a Complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," id. at 570 (rejecting longstanding precedent of Conley, supra, 355 U.S. at 45-46); Hicks v. Association of Am. Med. Colleges, No. 07-00123, 2007 U.S. Dist. LEXIS 39163, at *4 (D.D.C. May 31, 2007). To survive a motion to dismiss, the factual allegations in the Complaint "must be enough to raise a right to relief above the speculative

level," Twombly, supra, 550 U.S. at 555; Hicks, supra, 2007 U.S. Dist. LEXIS 39163, at *5. As reaffirmed by the Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), rev'g Iqbal v. Hasty, 490 F.3d 143 (2d Cir. 2007),

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' [Twombly, supra, 550 U.S.] at 570 . . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id., at 556 . . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Ibid. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."' Id., at 557 . . . (brackets omitted)."

Iqbal, supra, 556 U.S. at 678 (citations omitted).

A Rule 12(b)(6) motion is addressed to the face of the pleading. The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference. Goldman v. Belden, 754 F.2d 1059 (2d Cir. 1985). Also included are documents the Court deems to be "integral" to the Complaint in deciding a motion to dismiss, Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) (Docket No. 5, Def. Memo. at 8). In considering such a motion, the Court must accept as true all of the well pleaded facts alleged in the Complaint. Bloor v. Carro, Spanbock, Londin, Rodman & Fass, 754 F.2d 57 (2d Cir. 1985). However, conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. New York State Teamsters Council Health and Hosp. Fund v. Centrus Pharmacy Solutions, 235 F. Supp. 2d 123 (N.D.N.Y. 2002).

Here, plaintiff has amended the Complaint while this motion was pending. "Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading," 4 Charles A. Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 1476 (3d ed. 2012) (footnotes omitted). "On the other hand, defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading," id. Since Chiari & Ilecki here address the amended pleading in its reply, its motion to dismiss remains viable since the alleged defects in the pleading carried over from the original to the amendment.

  B. Fair Debt Collection Practices Act

The purpose of the FDCPA is to protect people from abusive collection practices, including contacting non-debtors in order to collect a debt, 15 U.S.C. § 1692e (see Docket No. 5, Def. Memo. at 9; see also Docket No. 12, Pl. Memo. at 4). Under the Act, a debt collector may not use "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, with a representation (or implication) that nonpayment would result in garnishment being an example of a violation of this section, id. § 1692e(4).

Whether conduct is deceptive in violation of the FDCPA is governed by the "least sophisticated consumer" standard, applying "an objective analysis that seeks to protect 'the naive' from abusive practices, while simultaneously shielding debt collectors from liability for

7

'bizarre or idiosyncratic interpretations'" of collector's communications, Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir. 2005) (internal citation omitted) (Docket No. 5, Def. Memo. at 10); Clomon v. Jackson, 988 F.2d 1314, 1318 (2d Cir. 1993) (Docket No. 12, Pl. Memo. at 5).

II. Application

This case arises from the fact that plaintiff and his son share the same name. To state a claim under the FDCPA, plaintiff needs to allege that a least sophisticated consumer in that situation would believe that a letter sent to collect a debt owed by someone sharing the same name was a false representation, see Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 254 (S.D.N.Y. 2011) (Peck, Mag. J.).

In Kujawa, defendants (a collection agency and a law firm) had a writ of garnishment issued with a third party using plaintiff James J. Kujawa's Social Security number to collect a debt and judgment against another James J. Kujawa with a different Social Security number and address, 614 F. Supp. 2d at 790. Defendants moved for summary judgment, arguing that defendants never attempted to collect a debt from plaintiff and, applying the least sophisticated consumer test concluded that defendants did not violate the FDCPA, id. at 789-90. The United States District Court there granted defendants' motion, agreeing with defendants that, applying the least sophisticated consumer test, that plaintiff knew that defendants were not attempting to collect a debt owed by him, id. at 791-92. One of the documents involved, a release of garnishment, was deemed not to be an attempt to collect a debt, "but rather indicated the opposite," id. at 792. The court pointed out subsequent instances where plaintiff acted to set aside a default judgment entered against the person with his same name, concluding that plaintiff

was aware that defendants were not attempting to collect a debt owed by him, "but rather owed by someone else with his same name," id.  But Kujawa was a motion for summary judgment and applied the record beyond the pleadings in that action, see id. (noting affirmative defense under 15 U.S.C. § 1692k(c) regarding a collector's "bona fide error") (but cf. Docket No. 12, Pl. Memo. at 7 n.5, arguing that Chiari & Ilecki cannot argue affirmative defense in its motion to dismiss).  Nevertheless, the district court concluded that "the aggravation plaintiff likely suffered as a result of having the same name as the debtor simply does not make out a violation of the FDCPA," id. at 792.

Chiari & Ilecki argue that the Complaint (and presumably the Amended Complaint) allege the same facts that gave rise to summary judgment in Kujawa (Docket No. 5, Def. Memo. at 12 n.2), with plaintiff alleging that plaintiff and the debtor share the same name; that plaintiff knew of the debt and that it was owed by his son (Docket No. 1, Compl. ¶¶ 4, 8-9, 12-14; see Docket No. 9, Am. Compl. ¶¶ 4, 8-9, 12-13, 19).  The Amended Complaint expressly alleges that plaintiff's son allegedly owed a debt and that a judgment was obtained against the son (Docket No. 9, Am. Compl. ¶¶ 8, 12).

Two other cases cited by Chiari & Ilecki were motions to dismiss in similar circumstances as Kujawa and this case (Docket No. 5, Def. Memo. at 13; Docket No. 13, Def. Reply Memo. at 4), while a third, Kaniewski v. National Action Fin. Servs., 678 F. Supp. 2d 541, 543, 546 (E.D. Mich. 2009) (automatic telephone calls to plaintiff to collect from another), was a combined motion for summary judgment and to dismiss.  In Blauser v. Zucker, Goldberg, & Ackerman, LLC, No. 09-9340SLR, 2011 WL 1113280, at *2-3, 6 (D. Del. Mar. 24, 2011) (Docket No. 5, Def. Memo. at 13; Docket No. 13, Def. Reply Memo. at 4), the court found that

9

plaintiff knew that he was not the subject of debt collection because the debtor's Social Security number (the plaintiff's daughter mistaken by the debt collector to be his wife) was listed on the judgment lien. The court in Blauser found that the FDCPA claims under 15 U.S.C. §§ 1692e and 1692f failed and plaintiff failed to satisfy the plausibility standard of Iqbal and Twombly to withstand a motion to dismiss, id. at *7. In Hill v. Javitch, Block & Rathbone, LLP, 574 F. Supp. 2d 819, 821 (S.D. Ohio 2008) (Docket No. 5, Def. Memo. at 13; Docket No. 13, Def. Reply Memo. at 4), the defendant law firm sent a summons and foreclosure complaint to plaintiff (Lawrence Hill), who had the same last name as the intended person (Scipio Hill) but was not related to plaintiff. In his Answer to the foreclosure action, plaintiff Lawrence Hill affirmatively alleged that he was not the debtor identified as Scipio Hill, id. Defendant had sent the notice to the wrong person at the wrong address and plaintiff knew these errors. The court found that "all of the objective indicia in this case indicate that [defendant firm] was not attempting to collect a debt from Plaintiff. Even the least sophisticated consumer would have understood this," id. at 826.

Plaintiff counters with Velazquez v. NCO Financial Systems, Inc., No. 2:11-cv-00263, 2011 WL, 2135633, 2011 U.S. Dist. LEXIS 57896 (E.D. Pa. May 31, 2011). In that case, the court concluded that any collection effort against a non-debtor, regardless whether plaintiff was the debtor or knew he or she had the debt, stated a claim under the FDCPA, id., 2011 U.S. Dist. LEXIS 57698, at *15. (Docket No. 12, Pl. Memo. at 6, 7.) In Velazquez,, defendant collection agency sent plaintiff a notice that she owed a debt to AT&T and that this debt, if remaining unpaid, would be reported to credit rating agencies, 2011 U.S. Dist. LEXIS 57698, at *1-2. Plaintiff, however, did not have an account with AT&T and was not involved with a dispute with

10

AT&T, id. at *2. After she sued under the FDCPA, defendant moved to dismiss arguing that she failed to used the debt dispute procedure in the FDCPA, 15 U.S.C. § 1692g, and contended that one mistaken letter did not constitute a FDCPA violation, id. at *4. Plaintiff responded that she had standing under the act, that she did not need to comply with § 1692g because she was not a "consumer" and that defendant's mistake defense was not properly raised in a motion to dismiss, id. at *4-5. The court disagreed with plaintiff and found that she was a "customer" under the FDCPA because she was a person "'obligated or allegedly obligated to pay a debt,'" id. at *11 (quoting, with emphasis added, 15 U.S.C. § 1692a(3)), but that she was not obligated to dispute the debt under § 1692g, id. On defendant's argument that a single mistaken attempt to collect did not state a claim under FDCPA, the court rejected this based upon Third Circuit law that an attempt to collect a debt from a non-debtor constitutes a false representation as to the character or status of the debt in violation of § 1692e, id. (quoting Stuart v. AR Rest., Inc., No. 10-3520, 2011 U.S. Dist. LEXIS 27025 (E.D. Pa. Mar. 16, 2011) (plaintiff sued collector for attempting to collect a debt from a family member)). It was at this point where the court found that "the crucial inquiry was whether the collector led plaintiffs to believe that they were obligated to pay a debt that they did not owe," and that for that court's purposes, "whether the plaintiff is identified as the debtor or is a third party who is led to believe she owes a debt is immaterial to determining whether Velazquez has stated a claim," Velazquez, 2011 U.S. Dist. LEXIS 57896, at *15 (see Docket No. 12, Pl. Memo. at 7).

While acknowledging that district courts in other circuits [4] found false representation under § 1692e by attempting to collect a debt from non-debtors (including citing Velazquez), the United States District Court for the Southern District of New York in Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 254 (S.D.N.Y. 2011) (Peck, Mag. J.), found that a collector's single dunning letter plus a response from the collector that it would correct the error did not state a FDCPA claim, id. at 254-55 (distinguishing Velazquez, supra, 2011 U.S. Dist. LEXIS 57896, at *15). But defendant collector in Bodur went further to send a second dunning correspondence to plaintiff, Bodur, supra, 829 F. Supp. 2d at 255. The Southern District of New York court rejected defense argument that the FDCPA did not apply because plaintiff knew that he was not the debtor and could not reasonably believe that defendant was attempting to collect from plaintiff, because the FDCPA was enacted "in part, to 'eliminate the recurring problem of debt collectors dunning the wrong person." S. Rep. No. 95-382, at 4 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1699," id. The court then found that the least sophisticated consumer would view the first letter as "an innocent mistake," id. at 256, but subsequent correspondence would be seen by that consumer as "concerted efforts to collect the debt" from plaintiff, id., making defendant strictly liable under the Act, id. The court also noted that dunning the wrong person would violate 15 U.S.C. § 1692e(10), see also id. at 254 n.18.

In this case, plaintiff alleges that he was aware of his namesake son's purported debt and the judgment entered against his son for that debt. From the Amended Complaint, this appears to be the only contact defendants had with plaintiff. Although the Income Execution lists plaintiff's

---

[4]Citing, in addition to Velazquez, district court cases from the Third (Eastern District of Pennsylvania and District of Delaware), Fourth, Fifth, Seventh Circuits, Bodur v. Palisades Collection, LLC, 829 F. Supp. 2d 246, 254 (S.D.N.Y. 2011).

12

employer as the potential garnishment subject and did not include a suffix to distinguish between the two William Covells, it gives a Social Security number other than plaintiff's (one he later recognizes as his son's). Under Kujawa, Blauser, and related case law, plaintiff hence knew he did not owe the debt asserted in the Income Execution and a least sophisticated consumer would know that erroneous letter was not a false representation of a debt owed. As a result, plaintiff fails to satisfy the Twombly/Iqbal plausibility standard in alleging a FDCPA claim under most of the sections of the Act cited in the Amended Complaint. Plaintiff here only argues that the fact that a third party, his employer, was listed on the Income Execution differs from the Kujawa line of cases and any consumer, especially the least sophisticated one, would conclude that the notice was directed at plaintiff. Thus, much of the Amended Complaint should be **dismissed**.

But plaintiff alleges within his FDCPA claim a violation of 15 U.S.C. § 1692e(10), that defendants' conduct violated that provision "in that Defendants employed false and deceptive means to collect the Debt" (Docket No. 9, Am. Compl. ¶ 25). That section prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt," 15 U.S.C. § 1692e(10). Unlike other provisions of the FDCPA alleging false representation, the mere dunning of the wrong party states a plausible claim. The court in Bodur noted that "dunning the wrong person also violates" § 1692e(10), 829 F. Supp. 2d at 254 n.18, although not reaching whether plaintiff stated a claim under that provision since the court denied defense motion for summary judgment on the false representation ground, see id. at 265.

Plaintiff here has met the plausibility threshold for the claim under § 1692e(10). As a result, defendant's motion to dismiss as to this claim should be **denied**.

III. Subsequent Proceedings

After any Objections to this Report & Recommendation, if this Report either is adopted or modified to leave at least some of plaintiff's claim, a Scheduling Conference would need to be set. If necessary, this Court will arrange such a Conference following disposition of this Report & Recommendation and defendant's motion.

## CONCLUSION

Based upon the above, it is recommended that the motion of defendant Chiari & Ilecki, LLP to dismiss for failure to state a claim (Docket No.5 ) be **granted in part**, dismissing most of plaintiff's Fair Debt Collection Practices Act claim, but **denied in part**, to leave plaintiff's claim under 15 U.S.C. § 1692e(10) (Docket No. 9, Am. Compl. ¶ 25).

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v.

Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
October 16, 2012