UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILLIAM COVELL, JR.,

                      Plaintiff,

                                                         **Hon. Hugh B. Scott**

                v.

                                                              12CV660A

CHIARI & ILECKI, LLP,                                    **Order**
DOES 1-10, Inclusive,

                      Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 6). The instant matter before the Court is defendant Chiari & Ilecki, LLP's ("Chiari & Ilecki"), motion to for a protective Order to stay discovery (in particular, noticed depositions of defendant and its principal, William Ilecki) (Docket No. 31). Responses to this motion were due by July 3, 2013, and the motion was argued on July 9, 2013 (Docket No. 38), and the depositions at issue in this motion were stayed pending resolution of this motion (Docket No. 32).

**BACKGROUND**

This is a Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA" or the "Act"), action. Plaintiff alleges that defendant Chiari & Ilecki is a debt collector and defendants "Does 1-10" are collectors employed by Chiari & Ilecki (Docket No. 1, Compl. ¶¶ 5-6). Someone other than plaintiff (plaintiff's son, William James Covell, III) incurred a $4,000 debt that defendants attempted to collect from plaintiff (see id. ¶¶ 8-11, 12). Chiari & Ilecki

purchased the debt and obtained a judgment against the younger Covell (id. ¶¶ 10, 12). Plaintiff denies having any obligation to his son or owe his son's debt (id. ¶ 13). Plaintiff initially alleges that Chiari & Ilecki "instructed a sheriff's office in Jamestown, New York, to serve Plaintiff with documentation providing Plaintiff with two options: 1) pay the Debt in full voluntarily or 2) to be subjected to wage garnishment" (id. ¶ 14). After alleging that he suffered actual damages as a result (id. ¶¶ 15-16), plaintiff asserts that the FDCPA, 15 U.S.C. §§ 1692e (false or misleading representation generally), 1692e(10) (use of false representation to collect or attempt to collect a debt), 1692f (unfair practices generally), 1692f(6) (taking or threatening to take nonjudicial action to effect dispossession of property), was violated (id. ¶¶ 17-24).

After Chiari & Ilecki moved to dismiss (Docket No. 5), plaintiff filed a timely Amended Complaint (Docket No. 9; see also Docket No. 11 (redline and strike out draft version of Amended Complaint)) on September 4, 2012, see Fed. R. Civ. P. 15(a)(1)(B) (amendment as matter of course timely if filed within 21 days of service of Rule 12(b) motion). Aside from some cosmetic editing changes (cf. Docket No. 11), plaintiff amends the Complaint to specify the document that purported to initiate garnishment of plaintiff's wages (Docket No. 9, Am. Compl. ¶¶ 14-20). Plaintiff claims that he was served with an Income Execution on or about June 20, 2012 (id. ¶ 14), in the name of a "William Covell" and under the debtor's Social Security Number but naming plaintiff's employer, Office Max, for garnishment purposes (id. ¶¶ 15, 16-18). Plaintiff also was served with a letter (described in the initial pleading, cf. Docket No. 1, Compl. ¶ 14) which gave him the choices of voluntary payment or facing garnishment (Docket No. 9, Am. Compl. ¶ 19). Because the Income Execution named plaintiff's employer, plaintiff "believed that his wages would be garnished if he did not pay" (id. ¶ 20). The Amended

Complaint also eliminated the New York State General Business Law unlawful deceptive practices claim (cf. Docket No. 11, Redline Am. Compl. at pages 4-5) and an FDCPA claim (cf. id. at page 4, deleting former ¶ 19, alleging claim under § 1692e(2)).

*Defense Motion to Dismiss*

Chiari & Ilecki argued that the original Complaint did not state a plausible claim (Docket No. 5, Def. Memo. at 7). This Court issued a Report & Recommendation recommending granting in part, but dismissing in part, Chiari & Ilecki's motion, leaving only claims that defendant violated 15 U.S.C. § 1692e(10) using any "false representation or deceptive means to collect or attempt to collect any debt" in dunning the wrong party (Docket No. 14). Chiari & Ilecki filed its Objections (Docket No. 15), which were rejected by Judge Arcara (Docket No. 19). Chiari & Ilecki then filed its Answer to the First Amended Complaint (Docket No. 22). The "Does 1-10" defendants have not appeared in this action.

*Scheduling Conference and Defense Raising Rule 11 Sanctions*

A Scheduling Conference eventually (cf. Docket Nos. 20, 24, 25) was held on April 15, 2013 (Docket No. 26), where defense counsel indicated that he may serve a Federal Rule of Civil Procedure 11 notice upon plaintiff and, if the action was not withdrawn, would move to dismiss the action and for sanctions (Docket No. 26). This Court then entered a Scheduling Order (Docket No. 27). The parties later jointly moved to opt out of this Court's mediation program (Docket No. 28), citing to defendant's prompt intention to file a motion for summary judgment (id., ¶ 4); that opt out motion was denied (Docket No. 29).

*Present Motion for Protective Order*

Plaintiff served notices to depose Ilecki (defendant's principal) and the Chiari & Ilecki firm's representative under Federal Rule of Civil Procedure 30(b)(6) on July 10, 2013 (Docket No. 31, Defs. Atty. Decl. ¶ 20, Ex. G; Docket No. 33, Pl. Atty. Decl. ¶ 4, Exs. C, D). Chiari & Ilecki planned to file its sanctions and dispositive motions on July 5, 2013, after serving the motions for sanction and for summary judgment upon plaintiff on June 12, 2013 (Docket No. 31, Defs. Atty. Decl. ¶¶ 11, 10). Chiari & Ilecki argues that, after being served with these motions, plaintiff served his deposition notices (id., ¶ 12). Chiari & Ilecki now moves to stay the depositions, claiming that it conferred or attempted to confer in good faith to avoid this motion (id., ¶ 3).

Plaintiff's counsel emailed defense counsel with a proposed date for these depositions but defense counsel responded that its served (but then had not filed) motions were dispositive and that depositions would not now be warranted. Plaintiff responded that he would move to compel these depositions. (Id., ¶¶ 13-17, Exs. B-D.)

Chiari & Ilecki then filed its dispositive and sanctions motions on July 5, 2013 (Docket Nos. 35 (summary judgment), 36 (Rule 11 sanctions)).

Chiari & Ilecki argues the burden of conducting discovery when it intends to file a dispositive motion and that judicial economy would be better served to consider first its motions before allowing further discovery and depositions to go forward (Docket No. 31, Def. Atty. Decl. ¶¶ 22-23). Defendant quotes from another district which concludes that staying discovery while a dispositive motion is pending is an appropriate exercise of this Court's discretion (id. ¶ 24, quoting Chavous v. District of Columbia Fin. Responsibility & Mgmt. Assistance Auth.,

4

201 F.R.D. 1, 2 (D.D.C. 2001) (Robinson, Mag. J.) (staying discovery for both sides during pendency of both sides' dispositive motions)).  Chiari & Ilecki argues that it has produced documents and answered Interrogatories (cf. Docket No. 33, Pl. Atty. Decl. ¶¶ 2-3, Exs. A, B) and concludes that there "is no good reason" to take these depositions (Docket No. 31, Def. Atty. Decl. ¶¶ 26, 29).  Defendant objects to plaintiff unilaterally selecting the July 10, 2013, deposition date (id. ¶¶ 27-28).  If defendant's motions are denied, the firm is willing to reschedule these depositions (id. ¶ 16, Ex. C).

      First, plaintiff denies that Chiari & Ilecki showed good faith in seeking this relief (Docket No. 33, Pl. Memo. at 1).  Plaintiff argues that there is no pending dispositive motion, hence no need to stay discovery (id. at 3-5).  Plaintiff distinguishes Chavous because the "unsupported speculation that an unfiled motion for summary judgment will be successful is not good cause," (id. at 1, citing Chavous, supra, 201 F.R.D. 1, 3 n.4).  Plaintiff claims that he would be prejudiced by a stay of discovery, since the potential summary judgment motion would turn on an affirmative defense under the Fair Debt Collection Practices Act that the depositions would reveal relevant information (id. at 5-6; see also id. at 3-5 (outlining potential bona fide defense that might be raised in dispositive motion)).  Were Chiari & Ilecki to file its motion for summary judgment, plaintiff would move under Rule 56(d) to stay resolution of that motion until these depositions were conducted (id. at 6).  He argues that defendants have not shown that the discovery sought was irrelevant, overly burdensome, overbroad, harassing or otherwise not pertinent, and plaintiff denies that the discovery would be extensive (id.).

      Plaintiff during oral argument states that, in addition to defendant's depositions, he seeks further document production from defendant that has not been responded to, and plaintiff asserts

5

that he may have to move to compel (see Docket No. 38).  He renews his concern that he cannot respond to defendant's Rule 56 motion without this further discovery and that he may have to raise Rule 56(d) as his response to the pending motion (see id.).

Given the impact of discovery upon defendant's summary judgment motion, this Court held off setting the briefing schedule for that motion until defendant's motion for a protective Order was resolved.  Included in this Order is the briefing schedule for defendant's motions for summary judgment and for Rule 11 sanctions.

## DISCUSSION

I.   Standards

Before this Court is a motion that requires this Court to consider the intersection of protective Orders under Rule 26(c), Rule 11(c) sanctions, and Rule 56 motions for summary judgment when an opposing party is unable to respond.

A.   Protective Order

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994).  Under Rule 26(c), this Court may issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not having a proposed disclosure or discovery device, or conditioning the time and manner of that discovery.  Fed. R. Civ. P. 26(c)(1), (1)(B)-(C).  Rule 26(c) "provides the Court with discretion to stay discovery 'for good cause.'  Fed. R. Civ. P. 26(c)," Anthracite Capital BOFA Funding, LLC v. Knutson, No. 09 Civ. 1603, 2009 U.S. Dist. LEXIS 112551, at *7 (S.D.N.Y.

Dec. 3, 2009); see Davidson v. Goord, 215 F.R.D. 73, 82 (W.D.N.Y. 2003) (Foschio, Mag. J.). "Factors relevant to a court's determination of 'good cause' include: the pendency of dispositive motions . . . ," Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc., No. 08 Civ. 2437, 2009 U.S. Dist. LEXIS 7905 (S.D.N.Y. Feb. 3, 2009); Anthracite, supra, 2009 U.S. Dist. LEXIS 112551, at *7.  Under Rule 26(c), prior to obtaining a protective Order the movants must certify that they have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court intervention, Fed. R. Civ. P. 26(c).  Under Rule 26(c), the Court has power to protect against abuses in discovery.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34 (1984).  The appropriateness of a protective Order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought.  Mitchell v. Fishbein, 227 F.R.D. 239, 245 (S.D.N.Y. 2005).  This Court has broad discretion in issuing such a protective Order.  Seattle Times, supra, 467 U.S. at 36 (see also Docket No. 31, Def. Atty. Decl. ¶ 23).

      B.      Federal Rule of Civil Procedure 11 Safe Harbor

Federal Rule of Civil Procedure 11(c) creates a 21-day safe harbor prior to a filing a sanctions motion.  "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets," Fed. R. Civ. P. 11(c)(2).  This safe harbor is to provide the opponent "with notice of the pleading defect and afforded an opportunity to correct

or withdraw the defective filing," Lawrence v. Richman Group of CT LLC, 620 F.3d 153, 159 (2d Cir. 2010) (per curiam).

The sanction that may be imposed under Rule 11(c) "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," including "nonmonetary directives; an order to pay a penalty into the court; or . . . part or all of the reasonable attorney's fees and other expenses directly resulting from the violation," Fed. R. Civ. P. 11(c)(4).  A nonmonetary directive may include dismissal of the action, see Cooley v. Crosswire Inv. Inc., No. 4:11CV532, 2012 U.S. Dist. LEXIS 4244, at *3 (E.D. Tex. Jan. 13, 2012) (Bush, Mag. J.) (recommending denial of monetary sanctions and dismissal with prejudice where recommended previously that case be dismissed without prejudice, finding that dismissal without prejudice with a strong warning to counsel was sufficient sanction), adopted, 2012 U.S. Dist. LEXIS 140618 (E.D. Tex. Sept. 28, 2012); see also Solargen Elec. Motor Car Corp. v. American Motors Corp., 530 F. Supp. 22, 24 n.1 (S.D.N.Y. 1981) (alternative ground for dismissal under Rule 11), aff'd, 697 F.2d 297 (2d Cir.), cert. denied, 459 U.S. 910 (1982).  The district court in Solargen Electric Motor Car Corp. noted that dismissal of a complaint under Rule 11 required a predicate finding of subjective bad faith in bringing the action, 530 F. Supp. at 24 n.1, but that court did not reach this issue given its grant of defendant's motion for summary judgment, id. at 24 n.1, 26.

  C. Summary Judgment and Nonmovant's Inability to Respond

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002). This nonmoving party may argue that he cannot respond to the motion where he shows, by affidavit, "that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d). If that showing is made, the Court may defer consideration of the summary judgment motion, allow time to obtain affidavits or take discovery or issue any other appropriate order, id., R. 56(d)(1)-(3).

II.     Application

First, the only discovery at issue for a protective Order is staying the deposition of William Ilecki and the Chiari & Ilecki firm (Docket No. 31, Def. Notice of Motion). While raising other discovery during oral argument, there is no motion seeking either a protective Order against further discovery or a motion to compel that discovery. Furthermore, absent a stay of discovery, the filing of the motion for summary judgment does not automatically stop discovery.

Protective Orders are often issued against discovery while a dispositive motion is pending. Rule 11(c), however, delays the time a movant can seek sanctions that the movant intends to file. Since the Rule 11(c) motion is separate from other motions, Chiari and Ilecki

could have moved for summary judgment without waiting the 21-day safe harbor; instead defendant served and later filed two motions seeking dispositive relief and, separately, Rule 11 sanctions (Docket Nos. 35, 36), incorporating the arguments from either motion for the disparate relief of dismissal and sanctions.  As plaintiff correctly noted, when the motion for the protective Order was filed, there were no defense motions filed.  But cf. HR US LLC v. Mizco Int'l, Inc., No. 07-CV-2394, 2010 U.S. Dist. LEXIS 103123, at *5-6 (E.D.N.Y. Sept. 29, 2010) (prior to a defense dispositive motion, denying defense motion for stay of discovery but offering to consider a renewed motion to stay discovery upon defendants making a motion for summary judgment). But plaintiff was served with these motions and was on notice when he sought these depositions that these motions would be filed at the end of the safe harbor period if plaintiff did not terminate the case.  Now these motions are pending (Docket Nos. 35, 36) and plaintiff's threshold objection to the protective Order motion is **rejected**.

Once Chiari & Ilecki moved for summary judgment, under Rule 56(d) plaintiff could argue (cf. Docket No. 33, Pl. Memo. at 6; Docket No. 38, minutes of July 9, 2013) that he could not respond to the motion without further discovery.  The issue for this motion for a protective Order is whether these depositions (the only item Chiari & Ilecki currently seek a protective Order against) are essential for plaintiff to respond to the summary judgment motion to warrant denial of the motion for the protective Order.

Chiari & Ilecki's summary judgment motion focuses upon the documents of the income execution (e.g., Docket No. 35, Def. Atty. Decl. ¶ 17, Ex. A; see also Docket No. 5, Def. Atty.

Decl. Ex. A; cf. Docket No. 33, Pl. Atty. Decl. Ex. A[1]), the debtor's affidavit questionnaire (e.g., Docket No. 35, Def. Atty. Decl. ¶ 18, Ex. B), a credit report from the debtor which identified his employer as Office Max (e.g., id. ¶ 19, Ex. C), and the state court papers against the debtor (e.g., id. ¶ 20, Ex. D). Chiari & Ilecki also produce the affidavit of William Ilecki, the principal of the firm plaintiff wants to depose, who outlined the procedures used to send the notices and collection correspondence here (e.g., Docket No. 35, Aff. of Ilecki ¶¶ 2-11, 13-18). Plaintiff, however, contends that he needs to question defendant to discover its procedures in its investigation before issuing erroneous collection correspondence in order to respond to Chiari and Ilecki's bona fide mistake contentions (Docket No. 33, Pl. Memo. at 4-5).

A protective Order under Rule 26(c) may specify the discovery method other than the one selected by the party seeking discovery, Fed. R. Civ. P. 26(c)(1)(C). Here, absent plaintiff's full articulation based upon the filed dispositive motion of how he cannot respond to that motion, a protective Order against the specific discovery method of deposing defendant and Ilecki **is appropriate here**. Plaintiff has received document production and, as he argued, has outstanding document demands, that could respond to defendant's summary judgment motion. If not, or if this discovery only incompletely responds, plaintiff may raise that in his response to the summary judgment motion and, upon that record, this Court may determine whether that dispositive motion can go forward with or without further discovery.

---

[1]This document differs from the other exhibits only by the internal bates numbering and the extend of the redaction of the Social Security number of the debtor.

Therefore, defendant's motion for a protective Order against being deposed (Docket No. 31) is **granted**.  This Court **takes no position** on whether other discovery is stayed pending the dispositive and sanctions motions.

III.    Briefing for Defendant's Motions

Since the answer to whether plaintiff can conduct these depositions before responding to defendant's now pending motions has just been addressed (in the negative), a briefing schedule can be entered for the motions for summary judgment and for Rule 11 sanctions.  Since these motions rest upon the same argument, they will have a common schedule.  Responses to these motions are due by **July 30, 2013**, replies due **August 6, 2013**, and both motions will be deemed submitted (without oral argument) on **August 6, 2013**.

## CONCLUSION

Based upon the above, the motion of defendant Chiari & Ilecki, LLP for a protective Order staying discovery in anticipation of a Rule 11(c) sanctions motion and a motion for summary judgment dismissing this case (Docket No. 31) is **granted**.

Defendant's now pending motions for summary judgment (Docket No. 35) and for Rule 11(b) sanctions (Docket No. 36) shall be briefed as discussed above; responses to this motion are due by **July 30, 2013**, replies due **August 6, 2013**, and both motions will be deemed submitted (without oral argument) on **August 6, 2013**.

SO ORDERED.

                                                    */s/ Hugh B. Scott*
                                                    Hon. Hugh B. Scott
                                              United States Magistrate Judge

Dated: Buffalo, New York
       July 11, 2013